# EXHIBIT A

 **Docket**

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2020-056273 | Judge: | Campagnolo, Theodore |
| File Date: | 12/28/2020 | Location: | Northeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Uawndre Fields | Plaintiff | Male | Joshua Parilman |
| Underwood Bros Inc | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Pa |
|---|---|---|---|
| 1/22/2021 | AFS - Affidavit Of Service | 1/27/2021 | |
| **NOTE:** UNDERWOOD BROS INC | | | |
| 12/28/2020 | COM - Complaint | 12/29/2020 | |
| **NOTE:** Complaint | | | |
| 12/28/2020 | CSH - Coversheet | 12/29/2020 | |
| **NOTE:** Civil Cover Sheet | | | |
| 12/28/2020 | CCN - Cert Arbitration - Not Subject | 12/29/2020 | |
| **NOTE:** Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 12/28/2020 | SUM - Summons | 12/29/2020 | |
| **NOTE:** Summons | | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

Clerk of the Superior Court
*** Electronically Filed ***
G. Roa, Deputy
12/28/2020 3:11:11 PM
Filing ID 12371325

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

**Plaintiff's Attorney:**

Joshua S Parilman
Bar Number: 021272, issuing State: AZ
Law Firm: Parilman & Associates
16427 N. Scottsdale Road Suite 410
Scottsdale, AZ 85254
Telephone Number: (602)757-7175
Email address: josh@parilmanlaw.com

**CV2020-056273**

**Plaintiff:**

Uawndre Fields

**Defendant:**

Underwood Bros., Inc., DBA AAA Landscaping
3747 E. Southern Avenue
Phoenix, AZ 85040

Discovery Tier t3

Case Category: Other Civil Case Categories
Case Subcategory: Employment Discrimination

AZTurboCourt.gov Form Set #5275332

Clerk of the Superior Court
*** Electronically Filed ***
G. Roa, Deputy
12/28/2020 3:11:11 PM
Filing ID 12371327

Person/Attorney Filing: Joshua S Parilman
Mailing Address: 16427 N. Scottsdale Road Suite 410
City, State, Zip Code: Scottsdale, AZ 85254
Phone Number: (602)757-7175
E-Mail Address: josh@parilmanlaw.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 021272, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Uawndre Fields
Plaintiff(s),
v.
Underwood Bros., Inc., DBA AAA
Landscaping
Defendant(s).

Case No.  **CV2020-056273**

**SUMMONS**

To: Underwood Bros., Inc., DBA AAA Landscaping

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *December 28, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *GABRIELA ROA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
G. Roa, Deputy
12/28/2020 3:11:11 PM
Filing ID 12371324

Joshua S. Parilman (Ariz. Bar #021272)
**PARILMAN & ASSOCIATES**
16427 N. Scottsdale Rd., Suite 410
Scottsdale, Arizona 85254
Tel: (602) 757-7175
Fax: (888) 389-5846
E-Mail: josh@parilmanlaw.com

Josh D. Gruenberg, Esq., CA Bar #163281 (*pending admission pro hac vice*)
Benjamin S. Silver, Esq., CA Bar #284741 (*pending admission pro hac vice*)
GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013
TELEPHONE: (619) 230-1234
TELECOPIER: (619) 230-1074

Attorneys for Plaintiff,
**UAWNDRE FIELDS**

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| UAWNDRE FIELDS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNDERWOOD BROS., INC. dba AAA LANDSCAPING, an unknown business entity; and DOES 1 through 25.<br><br>Defendants. | Case No.:**CV2020-056273**<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. DISCRIMINATION ON THE BASIS OF RACE [Ariz. Rev. Stat. § 41-1463, et. seq.)];<br>2. DISCRIMINATION ON THE BASIS OF COLOR [Ariz. Rev. Statute § 41-1463, et seq.)];<br>3. RETALIATION [Ariz. Rev. Stat. § 41-1464, et seq.]<br>4. RETALIATION [Title VII of the 1964 Civil Rights Act];<br>5. WRONGFUL TERMINATION [Ariz. Rev. Stat. § 23-1501];<br>6. NEGLIGENT SUPERVISION;<br>7. BATTERY;<br>8. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.<br><br>**[JURY TRIAL DEMANDED]** |

COMES NOW THE PLAINTIFF, alleging against Defendants as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1.   Plaintiff, UAWNDRE FIELDS (hereinafter "Plaintiff"), is, and at all times herein mentioned was, a resident of the County of Maricopa County in the State of Arizona.

2.   Plaintiff believes and thereon alleges that at all times herein mentioned UNDERWOOD BROS., INC. dba AAA LANDSCAPING (hereinafter "AAA Landscaping" or "Defendant") is an unknown business entity doing business in the State of Arizona, and is subject to suit under the Arizona Civil Rights Act (ACRA), Ariz. Rev. Stat § 1463 et seq., Title II of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e at seq. ("Title VII"), Title 1 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.   On information and belief AAA employs in excess of five employees in Arizona and elsewhere.

4.   Plaintiff is informed and believes and thereon alleges that the named Defendants are responsible in some manner for the occurrences herein alleged and plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendants and all of their acts.

5.   Plaintiff is informed and believes and thereon alleges that the aforementioned Defendants are somehow responsible for the acts alleged herein and while doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity.

6.   Plaintiff is ignorant to the true names and capacities of the Defendants sued herein as DOES 1 through 25 and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when they are ascertained.

7.   Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendants.

8.   Plaintiff is informed and believes and thereon alleges that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    or employees of other named Defendants, and in doing the acts herein alleged were

2    acting within the scope of their agency, employment, or representative capacity of said

3    named Defendants and are therefore responsible for the acts complained of herein.

4    9.    Defendants had actual and constructive knowledge of the tortious acts and omissions

5         alleged and thereafter ratified said conduct by failing to reprimand or terminate.

6    10.   The tortious acts and omissions alleged herein were performed by management level

7         employees of Defendants. Defendants allowed and/or condoned a continuing pattern of

8         fraudulent and unfair practices.

9    11.   At all times mentioned herein, Ariz. Rev. Stat § 1463 *et seq.*, was in full force and effect

10        and was binding on Defendants.

11   12.   The actions of Defendants, and each of them, against Plaintiff constitute unlawful

12        employment practices in violation of Ariz. Rev. Stat § 1463 *et seq.*, as herein alleged, and

13        have caused, and will continue to cause, Plaintiff emotional distress and loss of earnings.

14   13.   At all times mentioned herein, 42 U.S.C. § 2000e *et seq.* (Title VII) was in full force and

15        effect and was binding on Defendants.

16   14.   The actions of Defendants against Plaintiff constitute unlawful employment practices in

17        violation of 42 U.S.C. § 2000e *et seq.* ("Title VII") as herein alleged, and have caused,

18        and will continue to cause, Plaintiff emotional distress and loss of earnings.

19   15.   At all times mentioned herein, 42 U.S.C. § 1981 was in full force and effect and was

20        binding on Defendants.

21   16.   The actions of Defendants against Plaintiff constitute unlawful employment practices in

22        violation of 42 U.S.C. § 1981 as herein alleged, and have caused, and will continue to

23        cause, Plaintiff emotional distress and loss of earnings.

24   17.   Defendants had actual and constructive knowledge of the tortious acts and omissions

25        alleged and thereafter ratified said conduct by failing to reprimand or terminate.

26   18.   Defendants, and each of them, committed these acts alleged herein maliciously,

27        fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and

28        acted with an improper an evil motive amounting to malice or despicable conduct.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard

2    for Plaintiff's rights.

3    19.   Defendant's conduct warrants the assessment of punitive damages in an amount

4          sufficient to punish Defendant and deter others from engaging in similar conduct.

5    20.   Plaintiff seeks compensatory damages, punitive damages, costs of suit herein, and

6          attorney fees.

7    21.   Plaintiff has exhausted his administrative remedies because he timely filed a Charge of

8          Discrimination in employment based on race with the Arizona Civil Rights Division of

9          the Arizona Attorney General's Office ("ARCD") on November 20, 2020, Charge No.

10         540-2021-00667, and thereafter received a Notice of Right to Sure letter from the ARCD,

11         sent by regular mail on December 22, 2020, and received by Plaintiff on December 28,

12         2020, allowing suit to be filed within 90 days upon receipt of that notice, and received a

13         Dismissal and Notice of Rights, with Notice of Suit Rights (EEOC's Right to Sue letter),

14         from the EEOC, sent by regular mail on December 22, 2020. A true and correct copy of

15         the ARCD's Right to Sue letter is attached hereto as Exhibit A.

16                          **SPECIFIC FACTUAL ALLEGATIONS**

17   22.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

18         the preceding paragraphs as though fully set forth herein.

19   23.   Defendant is a landscaping company.

20   24.   Plaintiff is an African-American male.

21   25.   At all relevant times, Plaintiff was an employee of Defendant.

22   26.   On or about February 19, 2020, Plaintiff commenced his employment with Defendant

23         and performed landscaping work as a laborer.

24   27.   Beginning on or about June 1, 2020, Plaintiff's supervisor, Ron Buelna (hereinafter

25         "Buelna"), subjected Plaintiff to a barrage of unlawful and unwanted racist comments

26         degrading African-Americans. As an example, Buelna told Plaintiff he had to "work the

27         black man harder than other men," or words to that effect. Buelna also told Plaintiff "You

28         know, I have you working in this hot sun because the black man's skin can take this

1    heat," or words to that effect. Buelna acted on his racist commentary by forcing Plaintiff

2    to work off-the clock on a hot day.

3    28.   On another work day, Buelna told Plaintiff "the black man is ignorant and only good for

4    hard labor!," or words to that effect. Buelna's racist statements gravely offended and

5    humiliated Plaintiff. Plaintiff could not believe he was being subjected to such unwanted,

6    racially driven remarks.

7    29.   On information and belief, several of Defendant's employees witnessed and heard Buelna

8    make these racist remarks, and engage in the racially driven conduct, including

9    supervisory level employees.

10   30.   Shortly thereafter, on or about May 9, 2020, Plaintiff had a death in his family and asked

11   his supervisor, Buelna, permission to make a phone call to his family during work hours

12   to check in with them. Buelna agreed. Plaintiff subsequently stepped out to call his

13   family. After Plaintiff finished his call, Plaintiff used the restroom and then immediately

14   returned to work. As soon as Plaintiff returned to his position, and continued his duties

15   for the day, Buelna became aggressive with Plaintiff and barked at Plaintiff demanding

16   Plaintiff explain why he was away from work for so long. Plaintiff explained to Buelna

17   that he had to use the bathroom after finishing his call. Buelna yelled at Plaintiff that he

18   was going to take Plaintiff off the clock. Plaintiff told Buelna he could take Plaintiff off

19   the clock if he wanted to. Buelna aggressively approached Plaintiff and commenced an

20   argument. At no point did Plaintiff use any physical force against Buelna. During the

21   argument, Buelna grabbed Plaintiff's wrist and told Plaintiff he needed to calm down.

22   Plaintiff snatched his arm back from Buelna's grasp and told him he was not a "little

23   boy," or words to that effect, and that he was tired of the demeaning way Buelna talked to

24   him and treated him, including the inappropriate racial comments about Plaintiff's race.

25   Fearful that the argument may become physical, Plaintiff extricated himself from the

26   scene and left the job site. Plaintiff could not believe the working conditions were getting

27   worse and could not believe he continued to be subjected to such discriminatory conduct.

28   31.   Thereafter, on or about May 13, 2020, Buelna fired Plaintiff for leaving a job site without

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    permission. Plaintiff appealed to Defendant's Human Resources (hereinafter "HR") and

2    tried to explain he left the job site because of Buelna's racist remarks. However, HR told

3    Plaintiff there was nothing they could do to help him because Buelna, as Plaintiff's

4    supervisor, could allegedly fire Plaintiff for any reason. Despite Plaintiff informing

5    Defendant's HR that he had been subjected to unwanted and unlawful conduct based on

6    his race, Defendant failed to act and ratified Plaintiff's employment termination.

7    32.   Due to the racial remarks, discriminatory conduct, and his termination, Plaintiff suffered

8    extreme emotional distress and physical anguish.

9    33.   At all times, Plaintiff performed his job duties in a competent and diligent manner.

10                        **FIRST CAUSE OF ACTION**

11                  **DISCRIMINATION ON BASIS OF RACE**

12                  **[Ariz. Rev. Statute § 41-1463, et seq.]**

13   39.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

14   the preceding paragraphs as though fully set forth herein.

15   40.   Defendants discriminated against Plaintiff in the terms, conditions and privileges of his

16   employment, including termination.

17   41.   Plaintiff believes and thereon alleges that his race, African-American, was a motivating

18   reason for Defendant's discrimination against him.

19   42.   Defendants' conduct of discriminating against Plaintiff on the basis of his race violated

20   Ariz. Rev. Stat. § 41-1463

21   43.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

22   sustained and continues to sustain substantial losses in earnings, employment benefits,

23   employment opportunities, and Plaintiff has suffered other economic losses in an amount

24   to be determined at time of trial. Plaintiff has sought to mitigate these damages to the best

25   of his ability.

26   44.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

27   suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

28   mental and physical pain and anguish, all to his damage in a sum to be established

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    according to proof.

2    45.   As a result of Defendant's discrimination, Plaintiff has suffered monetary damages for

3    which he should be compensated in an amount to be determined at trial pursuant to Ariz.

4    Rev. Stat. § 41-1481.

5    46.   In addition to such other damages as may properly be recovered herein, Plaintiff is

6    entitled to recover prevailing party attorney's fees.

7    <u>**SECOND CAUSE OF ACTION**</u>

8    **DISCRIMINATION ON BASIS OF COLOR**

9    **[Ariz. Rev. Statute § 41-1463, et seq.]**

10    47.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

11    the preceding paragraphs as though fully set forth herein.

12    48.   Defendants discriminated against Plaintiff in the terms, conditions and privileges of his

13    employment, including termination.

14    49.   Plaintiff believes and thereon alleges that his color, black, was a motivating reason for

15    Defendant's discrimination against him.

16    50.   Defendants' conduct of discriminating against Plaintiff on the basis of his race violated

17    Ariz. Rev. Stat. § 41-1463

18    51.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

19    sustained and continues to sustain substantial losses in earnings, employment benefits,

20    employment opportunities, and Plaintiff has suffered other economic losses in an amount

21    to be determined at time of trial. Plaintiff has sought to mitigate these damages to the best

22    of his ability.

23    52.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

24    suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

25    mental and physical pain and anguish, all to his damage in a sum to be established

26    according to proof.

27    53.   As a result of Defendant's discrimination, Plaintiff has suffered monetary damages for

28    which he should be compensated in an amount to be determined at trial pursuant to Ariz.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1     Rev. Stat. § 41-1481.

2     54.   In addition to such other damages as may properly be recovered herein, Plaintiff is

3           entitled to recover prevailing party attorney's fees.

4                               **THIRD CAUSE OF ACTION**

5                                     **RETALIATION**

6                             **[Ariz. Rev. Stat. § 41-1464, et seq.]**

7     55.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

8           the preceding paragraphs as though fully set forth herein.

9     56.   Plaintiff and Defendant maintained an employer-employee relationship at all time

10          relevant herein.

11    57.   Ariz. Rev. Stat. § 41-1464 makes it unlawful to discriminate against an employee on the

12          basis of race and color, and also makes it unlawful to retaliate against an employee

13          because the employee complained of or opposed discrimination.

14    58.   As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has

15          sustained and continues to sustain substantial losses in earnings, employment benefits,

16          employment opportunities, and Plaintiff has suffered other economic losses in an amount

17          to be determined at time of trial. Plaintiff has sought to mitigate these damages.

18    59.   As a direct, and proximate result of Defendant's conduct, Plaintiff suffered and continues

19          to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain

20          and anguish, all to his damages in a sum to be established according to proof

21    60.   As a result of Defendants' discrimination, Plaintiff has suffered monetary damages for

22          which he should be compensated in an amount to be determined at trial pursuant to Ariz.

23          Rev. Stat. § 41-1481.

24    61.   In addition to such other damages as may properly be recovered herein, Plaintiff is

25          entitled to recover prevailing party attorney's fees.

26                              **FOURTH CAUSE OF ACTION**

27                                    **RETALIATION**

28                            **[Title VII of the 1964 Civil Rights Act]**

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

62.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

63.  Plaintiff and Defendants maintained an employer-employee relationship at all times relevant herein.

64.  Title VII makes it unlawful to discriminate against an employee on the basis of race and color, and also makes it unlawful to retaliate against an employee because the employee complained about discrimination.

65.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

66.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to his damage in a sum according to proof.

67.  As a result of Defendant's discrimination and retaliation, Plaintiff has suffered monetary damages for which he should be compensated in an amount to be determined at trial pursuant to Ariz. Rev. Stat. § 41-1481.

68.  In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees.

## FIFTH CAUSE OF ACTION

## WRONGFUL TERMINATION

### [Ariz. Rev. Stat. § 23-1501]

69.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

70.  Plaintiff opposed the racial discrimination, as stated herein.

71.  Defendant terminated Plaintiff's employment.

72.  Plaintiff opposition to racial discrimination was a substantial motivating reason for Defendant terminating his employment.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

73. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

74. As a further proximate result of Defendant's unlawful actions against Plaintiff, as stated herein, Plaintiff has been harmed in that he has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and in body. Plaintiff has been damaged in an amount according to proof at trial.

75. As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss or reputation, and mental and physical pain and anguish, all to his damage in a sum to be established according to proof.

76. As a result of Defendants' deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendants' wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

77. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees.

### SIXTH CAUSE OF ACTION

### NEGLIGENT SUPERVISION AND/OR RETENTION

78. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

79. Defendant hired Buelna.

80. Buelna already was or became unfit and incompetent to perform the work for which he was hired.

81. Plaintiff was subjected to Buelna's lack of leadership that caused Plaintiff to be discriminated against on the basis of his race, and be retaliated against for opposing illegal racism in the workplace as described herein.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

82. Defendant knew or should have known of this conduct.

83. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and losses to his health. Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

84. Defendant's negligence in hiring Buelna caused the harm to Plaintiff.

85. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to his damage in a sum to be established according to proof.

## SEVENTH CAUSE OF ACTION

### BATTERY

86. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

87. Buelna intended to cause a harmful or offensive contact with Plaintiff's person, and an offensive contact with Plaintiff resulted, either directly or indirectly, when Buelna forcefully grabbed Plaintiff's wrist without his consent.

88. Plaintiff was harmed and offended by Buelna's conduct of forcefully grabbing Plaintiff's wrist.

89. A reasonable person in Plaintiff's situation would have been offended by Buelna grabbing their wrist.

90. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, mental and physical pain, and anguish, all to her damage in a sum to be established according to proof.

91. Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff from an improper and evil motive

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

amounting to malice and in conscious disregard of Plaintiff's rights. Plaintiff is thus

entitled to recover exemplary and punitive damages in amounts to be proven at trial.

### EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

92. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

93. Defendant intended to cause Plaintiff to suffer extreme emotional distress by creating an intolerable work environment through Buelna's discriminatory and negligent supervision as described above, forcefully touching Plaintiff, and retaliating against Plaintiff by terminating his employment. Defendant also caused Plaintiff to suffer extreme emotional distress by condoning Buelna's discriminatory attacks on Plaintiff during his employment with Defendant.

94. Plaintiff suffered extreme emotional distress as a result of Defendant's actions.

95. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits and opportunities. Plaintiff has sought to mitigate these damages.

96. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to his damage in a sum to be established according to proof.

WHEREFORE, Plaintiff prays for the following relief:

1.      For general and compensatory damages in an amount according to proof;

2.      For punitive damages in an amount necessary to make an example of and to punish Defendants, and to deter future similar misconduct;

3.      For mental and emotional distress damages;

4.      For back pay, front pay and other monetary relief;

5.      For injunctive relief, including reinstatement, promotion, and retroactive seniority;

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

6.  For costs of litigation, expert costs, and attorneys' fees as permitted by law;

7.  For an award of interest at the prevailing legal rate, as permitted by law;

8.  For such other and further relief as the Court deems proper and just under all the circumstances.

**PLAINTIFF UAWNDRE FIELDS** demands a jury trial on all issues in this case.

DATED this 28ᵗʰ day of December, 2020.     **PARILMAN & ASSOCIATES**

By: _/s/ JSP (021272)_
Joshua S. Parilman, Esq.
Attorneys for Plaintiff,
**UAWNDRE FIELDS**

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA  92101-2013

# EXHIBIT A

EEOC Form 161-B (11/2020)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:    Uawndre Fields
       22122 S. 211th St.
       Queen Creek, AZ 85142

From:   Phoenix District Office
        3300 North Central Ave
        Suite 690
        Phoenix, AZ 85012

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2021-00667 | Patricia A. Miner, Supervisory Investigator | (602) 661-0040 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]    More than 180 days have passed since the filing of this charge.

[X]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]    The EEOC is terminating its processing of this charge.

[ ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Elizabeth Cadle,
District Director

12/22/2020

*(Date Issued)*

Enclosures(s)

cc:    Director
       Human Resources
       AAA LANDSCAPING
       3747 East Southern Avenue
       Phoenix, AZ 85040

       Joshua S. Parilman, Esq.
       JOSHUA S. PARILMAN
       ATTORNEY AT LAW
       16427 N. Scottsdale Rd.

Enclosure with EEOC
Form 161-B (11/2020)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 540-2021-00667 |

and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| MR. VAWNDRE L. FIELDS | 602-565-4668 | 1-18-76 |

| Street Address | City, State and ZIP Code |
|---|---|
| 22122 S. 211TH ST.    QUEEN CREEK, AZ   85142 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| AAA LANDSCAPING   PHX ARIZONA | | 602-437-2690 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3747 E. SOUTHERN AVE. PHX ARIZONA   85040 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest  2-4-20   Latest  4-27-20
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Please see attached sheet entitled "THE PARTICULARS"

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 11-9-20 _____<br>Date       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

540-2021-00667

## THE PARTICULARS

1.  Underwood Bros., Inc., dba AAA Landscaping, an unknown business entity, (hereinafter "AAA") is a landscaping company.

2.  FIELDS is an African-American male.

3.  At all relevant times, FIELDS was an employee of AAA.

4.  On or about February 19, 2020, FIELDS commenced his employment with AAA and performed landscaping work as a laborer.

5.  Beginning on or about June 1, 2020, FIELDS's supervisor, Ron Buelna (hereinafter "Buelna"), subjected FIELDS to a barrage of unlawful and unwanted racist comments degrading African-Americans. As an example, Buelna told FIELDS he had to "work the black man harder than other men," or words to that effect. Buelna also told FIELDS "You know, I have you working in this hot sun because the black man's skin can take this heat," or words to that effect. Buelna acted on his racist commentary by forcing FIELDS to work off-the clock on a hot day.

6.  On another work day, Buelna told FIELDS "the black man is ignorant and only good for hard labor!," or words to that effect. Buelna's racist statements gravely offended and humiliated FIELDS. FIELDS could not believe he was being subjected to such unwanted, racially driven remarks.

7.  On information and belief, several of AAA's employees witnessed and heard Buelna make these racist remarks, and engage in the racially driven conduct, including supervisory level employees.

8.  Shortly thereafter, on or about May 9, 2020, FIELDS had a death in his family and asked his supervisor, Buelna, permission to make a phone call to his family during work hours to check in with them. Buelna agreed. FIELDS subsequently stepped out to call his family. After FIELDS finished his call, FIELDS used the restroom and then immediately returned to work. As soon as FIELDS returned to his position, and continued his duties

540-2021-00667

for the day, Buelna became aggressive with FIELDS and barked at FIELDS demanding FIELDS explain why he was away from work for so long. FIELDS explained to Buelna that he had to use the bathroom after finishing his call. Buelna yelled at FIELDS that he was going to take FIELDS off the clock. FIELDS told Buelna he could take FIELDS off the clock if he wanted to. Buelna aggressively approached FIELDS and commenced an argument. At no point did FIELDS use any physical force against Buelna. During the argument, Buelna grabbed FIELDS's wrist and told FIELDS he needed to calm down.  FIELDS snatched his arm back from Buelna's grasp and told him he was not a "little boy," or words to that effect, and that he was tired of the demeaning way Buelna talked to him and treated him, including the inappropriate racial comments about FIELDS's race. Fearful that the argument may become physical, FIELDS extricated himself from the scene and left the job site. FIELDS could not believe the working conditions were getting worse and could not believe he continued to be subjected to such discriminatory conduct.

9.    Thereafter, on or about May 13, 2020, Buelna fired FIELDS for leaving a job site without permission. FIELDS appealed to AAA's Human Resources (hereinafter "HR") and tried to explain he left the job site because of Buelna's racist remarks. However, HR told FIELDS there was nothing they could do to help him because Buelna, as FIELDS's supervisor, could allegedly fire FIELDS for any reason. Despite FIELDS informing AAA's HR that he had been subjected to unwanted and unlawful conduct based on his race, AAA failed to act and ratified FIELDS's employment termination.

10.   Due to the racial remarks, discriminatory conduct, and his termination, FIELDS suffered extreme emotional distress and physical anguish.

11.   At all times, FIELDS performed his job duties in a competent and diligent manner.

PHOENIX AZ 852

22 DEC 2020   PM 11 L

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, AZ 85012

SME

Joshua S. Parilman, Esq.
JOSHUA S. PARILMAN
ATTORNEY AT LAW
16427 N. Scottsdale Road, Suite 410
Scottsdale, Arizona 85254

85254~71.0210

Clerk of the Superior Court
*** Electronically Filed ***
G. Roa, Deputy
12/28/2020 3:11:11 PM
Filing ID 12371326

Person/Attorney Filing: Joshua S Parilman
Mailing Address: 16427 N. Scottsdale Road Suite 410
City, State, Zip Code: Scottsdale, AZ 85254
Phone Number: (602)757-7175
E-Mail Address: josh@parilmanlaw.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 021272, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Uawndre Fields
Plaintiff(s),

v.

Underwood Bros., Inc., DBA AAA
Landscaping
Defendant(s).

Case No. **CV2020-056273**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED this**

By: Joshua S Parilman /s/
    Plaintiff/Attorney for Plaintiff



CLERK OF THE
SUPERIOR COURT
RECEIVED NE LOBBY
DOCUMENT DEPOSITORY

2021 JAN 22 PM 2: 44

# DECLARATION OF SERVICE

**FILED**
**BY P. KAVANAGH, DEP**

| | |
|---|---|
| SUPERIOR COURT - MARICOPA | CASE NO:   CV 2020-056273 |
| STATE OF AZ | COURT DATE: |
| County of MARICOPA | COURT TIME: |
| **PLAINTIFF:** | **DEFENDANTS:** |
| UAWNDRE FIELDS | UNDERWOOD BROS., INC. DBA AAA LANDSCAPING |
| | 3747 E SOUTHERN AVENUE |
| | PHOENIX, AZ 85040 |

The declarant, being duly sworn, states: I am fully qualified under Rule 4(d) Ariz.R.Civ.P. to serve process in this action, having been so appointed by the court;  I received and served the following documents in the manner described below:

| | |
|---|---|
| DOCUMENT TYPE: | **SUMMONS; PLAINTIFF'S COMPLAINT FOR DAMAGES; EXHIBIT A; NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST); INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC; CHARGE OF DISCRIMINATION; THE PARTICULARS; COPY OF ENVELOPE FROM US EQUAL EMPLOYMENT ADDRESSED TO JOSHUA S PARILMAN, ESQ** |
| PERSON(S) SERVED: | UNDERWOOD BROS., INC. DBA AAA LANDSCAPING (Defendant) |
| PLACE OF SERVICE: | USUAL PLACE OF BUSINESS |
| | 3747 E SOUTHERN AVENUE |
| | PHOENIX, AZ 85040 |

By delivering 1 SET(S) true copies to: DIANE ARIZMENDI, OFFICE MANAGER

THE ABOVE MENTIONED INDIVIDUAL WAS SERVED PERSONALLY AT THE ABOVE ADDRESS.

SEX: F; AGE/DOB: APRX 33; RACE: APRS HISP; WEIGHT: APRX 140; HEIGHT: APRX 5'4"; HAIR: BLACK;

Notes: I SERVED DIANE ARIZMENDI, OFFICE MANAGER FOR UNDERWOOD BROS., INC. DBA AAA LANDSCAPING (DEFENDANT). DIANE ARIZMENDI CALLED ROBERT UNDERWOOD (STATUTORY AGENT) FOR UNDERWOOD BROS., INC. DBA AAA LANDSCAPING (DEFENDANT) WHO WAS NOT IN THE OFFICE AND HE TO_D HER SHE WAS AUTHORIZED TO ACCEPT SERVICE.

| | |
|---|---|
| FILE #: | 209565 |
| REF #: | 2021012931 PAID 1/11 |
| DATE OF SERVICE: | 1/20/2021 |
| TIME OF SERVICE: | 12:38 PM |
| Next Action: | No Further Action |

I declare under penalty of perjury that the foregoing is true and correct.

Signed on the 22th day of January, 2021

| | | | |
|---|---|---|---|
| FEES: | $65.00 | Service Fee |
| | $65.00 | Total |

**DECLARANT'S SIGNATURE**
**JAN TEFFT**
Process server licensed in MARICOPA COUNTY MC-5196

SUPERIOR PROCESS SERVICES, INC.
7701 E. Indian School Suite E
Scottsdale, Arizona 85251
(480) 429-6886